Nos. 17-3840/3843

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

RICKY JACKSON (17-3840), KWAME AJAMU, fka Ronnie Bridgeman;
WILEY EDWARD BRIDGEMAN (17-3843),

Plaintiffs-Appellants

v.

CITY OF CLEVELAND; JEROLD ENGLEHART; KAREN
LAMENDOLA, Guardian Ad Litem on behalf of Frank Stoiker;
ESTATE OF EUGENE TERPAY, Administrator; ESTATE OF JAMES
T. FARMER, Administrator; ESTATE OF JOHN STAIMPEL,
Administrator,

Defendants-Appellees

On Appeal from the United States District Court for the Northern
District of Ohio
District Ct. Nos. 1:15-CV-989-CAB, 1:15-CV-1320-CAB

**RESPONSE TO PETITION FOR REHEARING WITH SUGGESTION
FOR REHEARING EN BANC**

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Suite 460
Boulder, CO 80302
O: 720.328.5642
*Counsel for Ricky Jackson*

Terry H. Gilbert
Jacqueline C. Greene
FRIEDMAN & GILBERT
55 Public Square, Suite 1055
Cleveland, OH 44113-1901
*Counsel for Kwame Ajamu and
Wiley Bridgeman*

# TABLE OF CONTENTS

INTRODUCTION ................................................. 1

ARGUMENT .................................................... 3

I.   The Panel's Decision Applied Binding Supreme Court and Circuit
     Precedent and Created No Conflicts with Supreme Court or
     Circuit Law. ............................................... 4

II.  The Ohio Supreme Court's Decision in *State ex rel. Crow v. Weygandt*
     and This Circuit's Decision in *Stein-Sapir v. Birdsell* Are Irrelevant. ..... 9

CONCLUSION .................................................. 10

CERTIFICATE OF COMPLIANCE ................................... 12

CERTIFICATE OF SERVICE ....................................... 12

# TABLE OF AUTHORITIES

Cases

*Bell v. Johnson*, 308 F.3d 594 (6th Cir. 2002) .................................... 8

*Crabbs v. Scott*, 880 F.3d 292 (6th Cir. 2018) ........................... passim

*FDIC v. Dover*, 453 F.3d 710 (6th Cir. 2006) ..................................... 8

*Haggard v. Stevens*, 683 F.3d 714 (6th Cir. 2012) ............................. 7

*Jaco v. Bloechle*, 739 F.2d 239 (6th Cir. 1984) ............................... 7, 8

*Owens v. Okure*, 488 U.S. 235 (1989) .................................. 5, 7, 8, 10

*Robertson v. Wegmann*, 436 U.S. 584 (1971) ........................... 5, 6, 10

*State ex rel. Crow v. Weygandt*, 162 N.E.2d 845 (Ohio 1959) ............... 2, 9

*Stein-Sapir v. Birdsell*, 673 F.2d 165 (6th Cir. 1982) .......................... 9

*Tinney v. Richland Cnty.*, 678 F. App'x 362 (6th Cir. 2017) .................. 3

*Wilson v. Garcia*, 471 U.S. 261 (1985) ................................... passim

Rules

Fed. R. App. P. 35 ............................................................ 3, 4

Statutes

42 U.S.C. § 1988 .............................................................. 4, 5

O.R.C. § 2305.21 ............................................................. 5, 7

O.R.C. § 2311.21 ................................................................ 9

## INTRODUCTION

The panel's decision in this case faithfully applied Circuit precedent and the decisions of the United States Supreme Court. The decision created no conflicts with other Circuits or with Ohio Supreme Court precedent. Defendants' argument otherwise is premised on a mischaracterization of the panel opinion, case law, and the claims asserted against the Estates of the deceased Defendants. For the reasons discussed below, Defendants' petition should be denied.

First, the only claims pending against the Estates are federal constitutional claims brought pursuant to § 1983. Plaintiffs alleged state-law claims against the Estates in the district court, including a claim for state-law malicious prosecution, but Plaintiffs did not appeal the denial of leave to amend to name the Administrator of the Estates with regard to the state-law claims against the deceased Defendants. *See* Amd. Op. at 13 n.6. Thus, there is no state-law claim for malicious prosecution against the Estates. Even Defendants recognize this fact. *See* PFREB at 8 n.2. The only reason Defendants repeatedly and falsely assert in their Petition and Supplemental Memorandum that Plaintiffs have brought a state-law malicious prosecution claim against the

1

Estates is because the Ohio Supreme Court held in *State ex rel. Crow v. Weygandt*, 162 N.E.2d 845 (Ohio 1959), that state-law malicious prosecution claims abate under Ohio law and Defendants want to apply *Weygandt* to this case. But because Plaintiffs do not allege a state-law malicious prosecution claim against the Estates, *Weygandt* does not apply. Plaintiffs allege only federal constitutional claims against the deceased Defendants, and *Weygandt* had nothing whatsoever to say about the survival of those claims under Ohio law. Defendants' attempt to fit a square peg in a round hole should be rejected.

Second, the panel's decision made crystal clear that it was applying Ohio law in determining whether Plaintiffs' § 1983 claims against the Estates survive, consistent with United States Supreme Court precedent and the precedent of this Circuit. Amd. Op. at 14. Defendants claim that the panel ignored Ohio law and created a new, "uniform" federal common law rule that all § 1983 claims survive death regardless of state law. This is simply untrue, and there is no possible way to read the Amended Opinion in the way Defendants suggest.

Third, the panel's decision is consistent with and straightforwardly applies this Circuit's precedential decision in *Crabbs*

*v. Scott*, 880 F.3d 292 (6th Cir. 2018). *Crabbs* held that § 1983 actions qualify as causes of action for "injuries to the person" under the Ohio survivorship statute and thus outlast a party's death. *Id.* at 293. Contrary to Defendants' arguments otherwise, nothing about the holding or reasoning of *Crabbs* limited its applicability to Fourth Amendment search and seizure claims, and there is no logical or persuasive reason why its holding would have been so limited. To the contrary, *Crabbs* expressly overruled the unpublished, non-precedential decision in *Tinney v. Richland Cnty.*, 678 F. App'x 362 (6th Cir. 2017)— the case upon which Defendants rely—which *Crabbs* described as holding that a "§ 1983 malicious prosecution claim did not survive under the Ohio statute." 880 F.3d at 296. Thus, the rule set forth in *Crabbs* applies to all § 1983 claims arising in Ohio, including Plaintiffs' § 1983 claims for malicious prosecution under the Fourth Amendment and due process claims under the Fourteenth Amendment in this case.

## ARGUMENT

Federal Rule of Appellate Procedure 35 provides, "en banc hearing or rehearing is not favored and ordinarily will not be ordered unless: (1) en banc consideration is necessary to secure or maintain uniformity of

3

the court's decisions; or (2) the proceeding involves a question of exceptional importance." Fed. R. App. P. 35(a)(1). A petition for rehearing en banc must contain a statement that "the panel decision conflicts with a decision of the United States Supreme Court or of the court to which the petition is addressed (with citation to the conflicting case or cases) …." Fed. R. App. P. 35(b)(1)(A).

Defendants do not urge en banc rehearing on the ground that this proceeding involves a question of exceptional importance; they argue only that en banc consideration is warranted because the panel's decision conflicts with United States Supreme Court and Circuit precedent. However, as discussed below, in making that argument, they mischaracterize the panel's decision and misconstrue relevant cases.

I. The Panel's Decision Applied Binding Supreme Court and Circuit Precedent and Created No Conflicts with Supreme Court or Circuit Law.

The Supreme Court has instructed that in order to determine the rules of decision that apply to civil-rights claims, courts look first to "the laws of the United States," and if federal law is deficient or no federal rule exists, courts look next to state law. 42 U.S.C. § 1988; *Wilson v. Garcia*, 471 U.S. 261, 267 (1985) (internal quotation marks omitted);

*Robertson v. Wegmann*, 436 U.S. 584, 588–90 (1971); *see also Owens v. Okure*, 488 U.S. 235 (1989). Courts are to apply state law only if it is not "inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1988. This three-step analysis applies whether the court is determining the applicable statute of limitation or survivorship rule. *Id.*; *see also Crabbs*, 880 F.3d at 295 ("*Wilson* and *Owens* tell us what we need to know to resolve this case. Neither decision cabined its rationale to state statutes of limitation. And if survivorship statutes are not siblings of time-bar statutes, they are at least cousins.").

The panel dutifully applied Supreme Court and Circuit precedent from *Robertson*, *Owens*, *Wilson*, and *Crabbs*. *See* Amd. Op. at 13–16. First, the panel found that federal law is deficient because "no federal statute or rule says anything about the survivorship of § 1983 claims ...." *Id.* at 14 (quoting *Crabbs*, 880 F.3d at 294) (internal quotation marks omitted). Second, the panel looked to Ohio law. *Id.* Ohio has a survivorship statute that provides that "causes of action" for "injuries to the person" survive. *Id.* (quoting O.R.C. § 2305.21). As this Circuit held in *Crabbs*, § 1983 claims constitute causes of action for "injuries to the person." *Id.* at 14–16; *Crabbs*, 880 F.3d at 296 ("We think the

5

appropriate level at which to generalize a § 1983 claim under state law is as a personal injury action, sounding in tort, and nothing further."). Thus, rather than conflicting with *Robertson*, *Wilson*, and other Supreme Court cases, the panel faithfully applied the principles set forth in those cases. *See Wilson*, 471 U.S. at 280 (holding that because "§ 1983 claims are best characterized as personal injury actions," the applicable state statute of limitation was the one governing "injury to the person").

The fact that *Crabbs* involved a Fourth Amendment unreasonable search claim, and not a Fourth Amendment malicious prosecution claim is, as the panel put it, "immaterial." Amd. Op. at 15 ("*Crabbs* expressly disagreed with *Tinney*, which *did* involve a malicious prosecution claim."). As the panel explained, "the *Crabbs* court reasoned that all § 1983 claims must be treated the same way for survival-of-claims purposes, just as they are for statute-of-limitations purposes." *Id.* at 16 (citing *Crabbs*, 880 F.3d at 295). This is consistent with the Supreme Court's instruction in *Wilson* and *Owens*. *See Wilson*, 471 U.S. at 272 ("a simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose. … If the choice of the statute of limitations

6

were to depend upon the particular facts or the precise legal theory of each claim, counsel could almost always argue, with considerable force, that two or more periods of limitations should apply to each § 1983 claim"); *Owens*, 488 U.S. at 240–41; *Crabbs*, 880 F.3d at 294–95 (explaining why *Wilson* requires that courts adopt a "straightforward" and "uniform" characterization of all § 1983 claims).

Defendants also suggest, without analysis, that the panel's decision conflicts with this Circuit's decisions in *Haggard v. Stevens*, 683 F.3d 714 (6th Cir. 2012), and *Jaco v. Bloechle*, 739 F.2d 239 (6th Cir. 1984). They are wrong. In *Haggard* and *Jaco*, this Circuit looked to state law in determining whether a § 1983 claim survived, and that is exactly what the panel did here. In *Haggard*, the court did not decide whether "injuries to the person" in O.R.C. § 2305.21 meant only physical injury because no party argued it. The plaintiff expressly conceded that if Ohio law applied, the federal claim did not survive. Thus, the court had no occasion to and did not consider the question resolved in *Crabbs*. *See Haggard*, 683 F.3d at 718; *see also id.* at 718–20 (Clay, J., concurring). Likewise, *Jaco* is distinguishable because it proceeded to the third step in the *Wilson* analysis and determined that

7

the federal claims at issue in that case survived the death of the decedent because it would conflict with federal policy for the claim to abate. 739 F.2d at 244–45. Furthermore, *Jaco* was decided in 1984, before the Supreme Court's decisions in *Wilson* and *Owens* holding that all § 1983 actions are best characterized as personal-injury actions.

In sum, this Circuit already ruled in *Crabbs* that § 1983 claims are best characterized as personal injury claims or "injuries to the person," and that such claims survive under Ohio law. *Crabbs* was a clear application of binding Supreme Court precedent. The panel's Amended Opinion merely applied *Crabbs* and explained why *Crabbs* was a conscientious application of the Supreme Court's decisions. *Tinney* was an unpublished decision that bound only the parties to that case. *Crabbs*, 880 F.3d at 296 (citing *FDIC v. Dover*, 453 F.3d 710, 715 (6th Cir. 2006)); *Bell v. Johnson*, 308 F.3d 594, 611 (6th Cir. 2002) ("It is well-established law in this circuit that unpublished cases are not binding precedent."). The panel's decision created no conflict with Supreme Court or Circuit precedent; instead, the panel *applied* Supreme Court and Circuit precedent.

II. The Ohio Supreme Court's Decision in *State ex rel. Crow v. Weygandt* and This Circuit's Decision in *Stein-Sapir v. Birdsell* Are Irrelevant.

In *State ex rel. Crow v. Weygandt*, the Ohio Supreme Court held that state-law malicious prosecution claims do not survive under either O.R.C. § 2311.21, which covers libel, slander, and malicious prosecution, or O.R.C. § 2305.21, which covers other causes of action, including "injuries to the person." 162 N.E.2d at 848. As the Amended Opinion explains, *Weygandt* has no bearing on this case because it dealt with *state-law* malicious prosecution claims, not federal § 1983 claims. Amd. Op. at 14, 16. Likewise, this Circuit's decision in *Stein-Sapir v. Birdsell*, 673 F.2d 165 (6th Cir. 1982), simply applied *Weygandt* to a state-law libel and slander action. *Stein-Sapir* did not involve or even mention any § 1983 claims. *See id.* at 16.

As explained above, Plaintiffs do not bring any state-law malicious prosecution claims against the Estates. Their claims against the Estates are federal claims for the violation of their Fourth and Fourteenth Amendment rights brought pursuant to § 1983.[1] Thus,

---

[1] As this Circuit has explained on several occasions, a § 1983 "malicious prosecution" claim is a misnomer. The claim is not the same as common-law malicious prosecution—it does not require malice and is

neither *Weygandt* nor *Stein-Sapir* have any relevance. Nor does the Amended Opinion conflict with *Stein-Sapir* or *Weygandt*, because those cases did not concern the survivability of § 1983 cases.

## CONCLUSION

Rather than conflicting with Supreme Court or Circuit precedent, the panel's decision faithfully applied it. It is Defendants' position that conflicts with Supreme Court and Circuit precedent. If the panel had done what the Defendants want—find that the § 1983 claims against the Estates in this case abate under Ohio law—the panel would have created a clear conflict with this Circuit's decision in *Crabbs* as well as the Supreme Court's decisions in *Wilson*, *Owens*, and *Robertson*. That would have been a basis for en banc rehearing. The Amended Opinion issued by the panel provides no basis for en banc rehearing. Defendants' petition should be denied.

---

brought under the Fourth Amendment. *Sykes v. Anderson*, 625 F.3d 294, 310 (6th Cir. 2010); *King v. Harwood*, 852 F.3d 568, 580 (6th Cir. 2017). Plaintiffs have consistently referred to this claim as a Fourth Amendment claim for continued detention without probable cause. *See* Jackson Opening Br. at 46-52.

Respectfully submitted,

/s/ Elizabeth Wang
Counsel of Record for Plaintiff-
Appellant Ricky Jackson

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: 720.328.5642

/s/ David E. Mills
Counsel of Record for Plaintiffs-
Appellants Kwame Ajamu and Wiley
Bridgeman

David E. Mills
THE MILLS LAW OFFICE LLC
1300 West Ninth St., Suite 636
Cleveland, OH 44113
O: 216.929.4747

Terry H. Gilbert
Jacqueline C. Greene
FRIEDMAN & GILBERT
55 Public Square, Suite 1055
Cleveland, OH 44113-1901
O: 216.241.1430

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Response to Petition for Rehearing with Suggestion for Rehearing En Banc complies with the page limit established by this Court (in the June 7, 2019 letter directing Plaintiffs to file a response) because it is 10 pages, excluding cover page, table of contents and authorities, signature blocks, and certificates.

/s/ Elizabeth Wang<br>
Counsel of Record for Plaintiff-Appellant Ricky Jackson

# CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2019, the foregoing Response to Petition for Rehearing with Suggestion for Rehearing En Banc was electronically filed with the Court. Copies were served upon all counsel of record by and through the operation of the Court's Appellate CM/ECF electronic filing system.

/s/ Elizabeth Wang<br>
Counsel of Record for Plaintiff-Appellant Ricky Jackson